Carmen Margarida Ilenza de García Veve, etc., Plaintiff and Appellee, *v.* Alfredo Casalduc, Defendant and Appellant.

No. 9143. Argued November 6, 1945.—Decided November 23, 1945.

*Brown, Newsom & Córdova* for appellant. *Damián Monserrat, Jr.,* and *Rafael Baragaño, Jr.,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The plaintiff is the owner of a parcel of land containing 2.17 acres (*cuerdas*), which is situated in the municipal district of Guaynabo. It is bounded on the north and south by land of Jesús Martinó; *on the east by a private road pertaining to the main tract from which it was segregated;* and on the west by land of F. Reed.

In her petition for injunction to recover possession, the plaintiff alleged that ever since December 29, 1941, she and her husband, now deceased, had been in the possession and use of the road which forms the eastern boundary of her property; that since the death of her husband which occurred on August 15, 1942, the plaintiff has continued in the possession, use, and enjoyment of the entire portion of the road which adjoins said property; that on or about September 15, 1942, the defendant Casalduc, against the will and without the consent of the plaintiff, obstructed the use of, and passage over, said road by erecting a gate made of wood and concrete which he keeps closed, thereby depriving the plaintiff of the use, enjoyment, and possession of a part of said road and preventing her from going to and from her property over the portion of the road which was closed when said gate was erected.

The defendant answered and denied that the whole of the eastern side of plaintiff's property abuts on a private road, and on the contrary alleged "that said property is bounded on the east by the aforesaid 'Martinó' road only up to a point which lies 113 feet to the south of the northernmost portion of the eastern boundary of the said property"; and that "from said point in the eastern boundary of said property up to the northenmost portion of said eastern boundary, the said property abuts on land belonging to Mr. Gus Lallande." The defendant further denied each and all of the allegations of the petition relating to the possession and use by the plaintiff of that portion of the road which has been obstructed by the construction of the gate.

On October 9, 1944, the District Court of Bayamón rendered judgment for the plaintiff, and the defendant thereupon took the present appeal. The case has been submitted to us upon a stipulation, wherein the parties agreed that the summary or abstract of the oral evidence made by the trial judge in his Statement of the Case and Opinion should for all legal purposes be considered in lieu of, and as a substitute for, a narrative statement of the evidence.

The lower court, after stating in detail the testimony of the witnesses for both parties, made the following findings:

"That the property located in the ward (barrio) of Frailes, Guaynabo, was originally owned by Juan Martinó, who laid out a rural road which reached up to point No. 3 on the plat drawn by A. E. Amadeo, a civil engineer, which is contained in plaintiff's exhibit 1; that before selling those parcels to García Veve and Ranck, Juan Martinó had leased to Felipe Hernández 10 or 11 acres in the northern portion of the property, and that Felipe Hernández, in order to prevent the straying of the cattle which he kept grazing on the premises, placed those strands of wire at a point 113 feet distant from the northeastern end of the García Veve boundary, which strands of wire formed a rustic swing gate and not a fixed obstruction to the remaining portion of the road; that on December 29, 1941, Luis García Veve took possession of a parcel of land containing two and seventeen hundreths acres, which was bounded on the north and

south by land of Juan Martinó; on the east by a road pertaining to the tract from which it was segregated; and on the west by land of Mr. Reed. That afterwards Mr. Ranck acquired several parcels among which was the northernmost portion of the property reached by the road, which extends over the entire eastern boundary of plaintiff's property.

"That upon leasing a part of the said property from Juan Martinó, Felipe Hernández, in order to prevent certain cattle which grazed on that part of the property from going upon the road, stretched one or two strands of wire from the fence pertaining to the parcel now owned by Mr. Zimmerman to the parcel now owned by the plaintiff; but that said strands of wire were not permanent but removable and did not interfere with the use of the road, since every time that the road was to be used the wire was removed from the post to which it was attached by a loop formed by the wire itself; that there being involved a rural property and a parcel which seems to have been used by the family of García Veve only for spending the week-ends there, the external signs of passage were not as clear as those of a vicinal road continuously open to the passage of pedestrians and vehicles; but that said road was undoubtedly used and that the purpose of Juan Martinó in opening it was to benefit all the parcels; that the plaintiff was in possession of the discontinuous use of the road during the year preceding the commencement of this action."

The findings of fact made by the trial court are supported by the documentary and oral evidence. The plaintiff's title of acquisition shows that the property is bounded on the east by a private road pertaining to the main tract from which it was segregated. The witness Juan Martinó, former owner of the property, stated that it was he who had built the road called "Martinó" for the benefit of all the persons who purchased parcels from him; and that said road extended over the whole eastern boundary of plaintiff's property. The evidence for the plaintiff has established the fact that plaintiff was in the possession, use, and enjoyment of the road during the year next preceding the filing of the complaint.

In our judgment, the facts proved are sufficient to justify the issuance of an injunction to recover possession (*inter-*

*dicto posesorio*) in favor of the plaintiff. *Mario Mercado e Hijos* v. *Chardón*, 57 P.R.R. 438; *Roman Catholic Church* v. *Puig*, 52 P.R.R. 747; *Fajardo Sugar etc.* v. *Central Pasto Viejo, Inc.*, 41 P.R.R. 817; *Echevarría et al.* v. *Saurí*, 38 P.R.R. 661.

The judgment appealed from should be affirmed.